[Civ. No. 8378. First Appellate District, Division One.—December 10, 1932.]

CHARLES A. LYONS et al., Respondents, v. CHARLES LONG, Appellant.

Lloyd J. Cosgrove and Edmund J. Holl for Appellant.

Pardini & Scampini for Respondents.

THE COURT.—This action was brought to recover for injuries received by Elizabeth Lyons (hereinafter referred to as the plaintiff) as the result of having been struck by defendant's automobile, and for consequential damages sustained by Charles A. Lyons, her husband.

The cause was tried by the court, which found in favor of the plaintiffs in the sum of $800, and defendant has appealed from the judgment.

At about 8 o'clock P. M. of March 20, 1930, in San Francisco, plaintiff was crossing Mission Street from west to east near its intersection with Ney Street. A street-car company maintains double tracks on Mission Street and a safety station on the east side of the tracks at the southeast corner of Ney and Mission Streets. The evidence shows that Charles S. Lyons preceded his wife and was near the east curb of the latter street when plaintiff was struck. According to her testimony, before starting to cross she looked and saw that the street was clear. She then passed over to a point immediately north of the markers or buttons constituting the north boundary of the safety zone. When she reached this point and was about to proceed she heard the noise of the brakes on defendant's car, which was being driven by him in a northerly direction along Mission Street, and was immediately thereafter struck and injured. She also testified that the car turned to the driver's left, passing between her and the safety zone or over the same, and that she was struck by the right end of the rear bumper. In this connection the record discloses other testimony tending to show that the driver's course was erratic, and the latter, according to one of the witnesses, admitted that when the brakes were applied the car swerved. Defendant also testified that he

turned his car to the left and that the rear end struck plaintiff; further, that his brakes would not always stop the car quickly. He claims that no negligence on his part was shown, and that the evidence shows contributory negligence as a matter of law on the part of each of the plaintiffs.

While, as is usual in cases of this character, there is conflict in the testimony, and different inferences might be drawn, nevertheless the evidence must be construed most favorably to plaintiffs. They must be given the benefit of every inference that can reasonably be drawn therefrom (2 Cal. Jur., Appeal and Error, secs. 515, 543, pp. 880, 926).

We cannot say that plaintiffs' version of the affair was inherently improbable, or that the court was not justified in its conclusion that defendant was guilty of negligence which was the sole proximate cause of the injuries complained of.

There is no merit in the further contention that the trial court failed to find on all the material issues. We have examined the entire record, and are satisfied that the findings are fairly supported and nothing which would warrant the reversal of the judgment has been shown.

The judgment is affirmed.